IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01179-MSK-BNB

TY L. JOHNSON,

        Plaintiff,

v.

DENVER PUBLIC SCHOOLS, and
EDISON CHARTER SCHOOLS,

        Defendants.

---

## ORDER ON MOTION TO DISMISS

---

THIS MATTER comes before the Court on a Motion to Dismiss (**#18**) and accompanying brief (**#19**) filed by Defendant Edison Charter Schools on August 21, 2007.[1]  The Plaintiff has filed no response in opposition to the motion.[2]  Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I.  Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II.  The Complaint

Mr. Johnson, appearing *pro se*, expressly asserts claims of discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, against two Defendants: the Denver Public Schools ("DPS"), and Edison Charter Schools ("Edison").  But the Complaint makes a

---

[1] Defendant Denver Public Schools filed no motion to dismiss and instead filed an Answer (**#13**).

[2] The document he filed on August 31, 2007 (**#21**) simply requests the resetting of a scheduling conference and does not address the motion to dismiss.

wide variety of allegations, many of which do not fall within the scope of Title VII and many of

which do not involve the named Defendants.  His Complaint includes:

➤ Three pages of a form complaint in which he identifies the parties and the nature of the case as a Title VII discrimination case based upon race, color, religion, sex and national origin, and alleges discrimination in the form of a demotion or discharge, denial of due process, and denial of unemployment benefits.

➤ Five pages of supplemental notes in which he complains: that he was discriminated against for wearing dreadlocks; that the principal at the Wyatt Edison Charter School limited him in his interracial relationship with a teacher but imposed no restrictions for same race couples; that the Wyatt Edison Charter School used a false allegation of child abuse (based upon an incident in which he pinched a student) to suspend him without pay for three days; and that he was reassigned to another school for his own protection after he was the victim in a domestic dispute with a teacher at the school, but the reason reported for his transfer was child abuse.

➤ A four-page letter Mr. Johnson wrote to the Equal Employment Opportunity Commission ("EEOC") dated December 26, 2006, in which he complains: that the principal at the Wyatt Edison Charter School discriminated against him by reassigning him to another school; that at the new school, Martin Luther Middle School, the principal discriminated against him for his religious lock wrap, and forbade him from wearing gloves; that his union president advised him he could wear his gloves, and when he did so, the principal screamed at him to go home; that he was suspended for five days without pay for insubordination and transferred to another school, Manual High School; that he was transferred back and forth between two other schools, Omar D. Blair Charter School and Morey Middle School; that once he was back at the Omar D. Blair Charter School, Mr. Walls harassed Mr. Johnson about his lock wrap and made disparaging comments about his religion; and that he was wrongfully accused of sexual harassment of white teachers and discharged from his employment.

➤ A right to sue letter dated February 23, 2007, pertaining to EEOC Charge 541-2007-00982.

➤ Another page of a form complaint in which Mr. Johnson claims that he was denied due process when his union representative failed to represent him when he faced termination.

➤ A letter Mr. Johnson wrote to Superintendent Michael Bennet dated January 11, 2007, in which he claims that his employment was terminated because of false allegations of sexual harassment, which were reduced to allegations of inappropriate behavior.

➤ A letter written by Edward Ray, Chief of the Department of Safety and Security for

DPS, to Mr. Johnson, dated November 13, 2006, explaining Mr. Ray's reasons for terminating Mr. Johnson's employment: that Mr. Ray did not find that Mr. Johnson committed sexual harassment, but that if Mr. Johnson's behavior were to continue, it would rise to that level; that Mr. Ray considered Mr. Johnson's past disciplinary actions and warnings given to him; and that Mr. Johnson could request a due process hearing.

➤ The record of Mr. Johnson's post-termination hearing, including the decision to affirm termination of his employment.

➤ A memorandum from Al Walls, Commander of the DPS Safety and Security Department, to Mr. Johnson, dated December 1, 2005, explaining that Mr. Johnson was being placed on leave due to allegations that he injured a student's arm.

➤ A memorandum from Mr. Walls to Bruce Snelling, Acting Chief of the DPS Safety and Security Department, dated December 5, 2005, explaining that Mr. Johnson was being disciplined for admittedly having pinched a student on the arm.

➤ A memorandum from Mr. Walls to Mr. Johnson dated March 10, 2006, explaining that Mr. Johnson was being disciplined for insubordination to the Martin Luther King Middle School principal.

➤ A memorandum from Mr. Walls to Mr. Ray dated November 6, 2006, addressing allegations that Mr. Johnson had sexually harassed teachers at the Omar Blair Charter School.

➤ Two pages of notes written by an undisclosed author, which purport to identify complaints of sexual harassment made by six teachers.

➤ Two more pages of the form complaint in which Mr. Johnson alleges that he was wrongfully denied unemployment benefits. These include a signature page and prayer for relief, as well as references to state law theories of recovery, such as defamation, wrongful termination, and breach of contract.

➤ A letter to Mr. Johnson from the Colorado Department of Labor and Employment informing him of the denial of unemployment benefits.

➤ Mr. Johnson's appeal from the denial of unemployment benefits.

➤ A copy of the hearing officer's decision on that appeal, reversing the denial of benefits.

➤ A copy of a decision from the Industrial Claim Appeals Office affirming the full award of benefits.

### III.  Issue Presented

Edison's motion is two-fold.  First, it contends that the Court lacks jurisdiction over Mr. Johnson's Title VII claims because he did not exhaust administrative remedies.  In support of such contention, it submits a copy of Mr. Johnson's EEOC charge of discrimination.[3]  Second, it contends that Mr. Johnson has failed to state a claim against Edison because he has not alleged and cannot prove that Edison was his employer.

### IV.  Standard of Review

Edison moves to dismiss Mr. Johnson's claims under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Pursuant to Rule 12(b)(1), a party may move to dismiss claims over which the Court lacks subject matter jurisdiction.  Rule 12(b)(1) motions generally take one of two forms.  *See Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001).  The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests.  *See Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003).

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted.  There is a strong presumption against the dismissal of claims under this rule.  *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999).  The Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff.  *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991).  A plaintiff is not required to include detailed factual allegations

---

[3] EEOC Charge No. 541-2007-00982.

4

in a complaint, but a complaint must contain "more than labels and conclusions" and must consist of more than "a formulaic recitation of the cause of action[.]"   *See Bell Atlantic Corp. v. Twombly*, _ U.S. _, 127 S. Ct. 1955, 1964-65 (2007).  Rather, it must contain factual allegations which are "enough to raise a right to relief above the speculative level[.]" *Id.*

Because Mr. Johnson appears *pro se* in this action, the Court construes his Complaint and other filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court is obligated to liberally construe Mr. Johnson's allegations to encompass all possible claims, but the Court cannot serve as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## V.  Analysis

### A.  Subject Matter Jurisdiction

For this Court to have subject matter jurisdiction over a plaintiff's claim of discrimination under Title VII, the plaintiff must first exhaust administrative remedies by submitting a charge of discrimination to either the EEOC or the Colorado Civil Rights Division.  *See Sizova v. Nat'l Inst. of Standards & Tech.,* 282 F.3d 1320, 1325 (10th Cir. 2002); 42 U.S.C. § 2000e-5(e)(1); *National R.R. Passenger Co. v. Morgan*, 536 U.S. 101, 109 (2002).  Because the EEOC charge is intended to give the employer notice of the claim and permit conciliation before litigation occurs, courts limit the scope of any Title VII claim to the matters raised in the EEOC charge and such matters that could reasonably be expected to arise therefrom.  *See MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). Under 29 C.F.R. § 1601.12(a), the EEOC provides that a charge should contain several items of information, including the name, address, and telephone number of the employer; the number of employees employed by the employer; and a statement as to whether the charging party has commenced proceedings in any

5

other state or local agency.

Because Edison challenges the facts upon which the Court's subject matter jurisdiction is based, matters outside the pleadings may be considered because the jurisdictional question is not intertwined with the merits of Mr. Johnson's claims. *Sizova,* 282 F.3d at 1324. Thus, the Court may consider the EEOC charge submitted by Edison. In addition, the Court cannot presume the truthfulness of the allegations in the Complaint. *Id.*

Edison has submitted a copy of Mr. Johnson's EEOC charge in which he claimed discrimination by his employer. The form contains several boxes which the complaining party can mark in order to identify the type of the discrimination which allegedly occurred. The boxes marked identify discrimination based upon race, religion and national origin as the basis for discrimination. The sole adverse employment action identified on the form is the termination of Mr. Johnson's employment as Head Volleyball Coach/Security Officer on November 9, 2006.

Edison contends that Mr. Johnson's Title VII claim against it is barred because Edison was not named as the employer on the EEOC charge. The portion of the EEOC charge (**#19-2, page 2**) where the employer should be named is illegible. Nevertheless, it is Mr. Johnson's burden to establish that he exhausted administrative remedies on his Title VII claims. *See McBride v. CITGO Petroleum Corp.,* 281 F.3d 1099, 1106 (10th Cir. 2002). He has not responded to Edison's motion and offered no evidence to establish jurisdiction. Thus, the Court is compelled to dismiss the Title VII claims asserted against Edison.

### B. Failure to State a Claim

Dismissal of the Title VII claims against Edison does not resolve all claims against Edison. It is apparent from the Complaint that Mr. Johnson desires to sue both DPS and Edison based

upon a wide variety of allegations which could give rise to the assertion of a variety of legal theories.  Unfortunately, given the breadth and nature of the factual assertions, Court is unable to discern what claims the Plaintiff intends to assert against these Defendants, or which of them, or against other persons or entities not named as Defendants in this action.

Therefore, the Court will give Mr. Johnson a further opportunity to amend his Complaint to specify what claims are asserted against what party.  He is advised that, pursuant to Fed. R. Civ. P. 8, his statement of claims should be short and plain, include factual allegations to support the claim, and  identify the party against whom it is asserted.  Preferably, he should number each claim (*i.e.,* Claim 1, Claim 2, etc.).  Unless Mr. Johnson identifies what facts support which legal theory, the Court is at a loss to determine whether any of his claims should proceed to trial.

**IT IS THEREFORE ORDERED** that:

(1)     Edison's Motion to Dismiss **(#18)** is **GRANTED IN PART** and **DENIED IN PART.**  The Title VII claims against Edison are **DISMISSED**.

(2)     On or before **November 16, 2007**, Mr. Johnson shall file an Amended Complaint which specifies the claims he asserts against each Defendant, in the manner described above.

Dated this 18th day of October, 2007

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

7