IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01179-MSK-BNB

TY L. JOHNSON,

Plaintiff,

v.

DENVER PUBLIC SCHOOLS, and
EDISON CHARTER SCHOOLS,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

On April 16, 2008, I entered an Order to Show Cause [Doc. # 63] requiring the plaintiff to show cause, if any there be, in writing and on or before April 30, 2008, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute and failure to comply with court orders. The basis for my order to show cause was the plaintiff's failure to appear for a hearing on the Motion to Compel filed by defendant Denver Public Schools and failure to respond to matters sent by United States mail, e-mail, and to telephone calls. The plaintiff has failed to respond to the Order to Show Cause or to communicate with the court in any way since April 16, 2008. In addition, subsequent to the entry of the Order to Show Cause, the plaintiff failed to comply with my minute order [Doc. # 65, filed 4/16/2008] requiring that he respond by April 30, 2008, to Defendant Edison's Motion to Compel.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for lack of prosecution or for failure to
> comply with these rules, the Federal Rules of Civil Procedure, or

> any court order. If good cause is not shown within the time set in
> the show cause order, a district judge or a magistrate judge
> exercising consent jurisdiction may enter an order of dismissal
> with or without prejudice.

The plaintiff has failed to show cause why the case should not be dismissed for failure to comply with court orders and for failure to prosecute. To the contrary, it appears that the plaintiff has abandoned his claims.

I respectfully RECOMMEND that the plaintiff's claims and this action be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with court orders, and failure to show cause pursuant to D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 5, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge