IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01179-MSK-BNB

TY L. JOHNSON,

        Plaintiff,

v.

DENVER PUBLIC SCHOOLS, and
EDISON CHARTER SCHOOLS,

        Defendants.

---

**ORDER DISMISSING CLAIMS FOR LACK OF PROSECUTION, AND
DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

---

THIS MATTER comes before the Court on the Magistrate Judge's Recommendation

**(#66)** that the Plaintiff's claims be dismissed, without prejudice, under D.C.COLO.LCivR 41.1

for his failure to comply with court orders and failure to prosecute his claims.   No party has

timely objected to the Recommendation.  Having considered the same, the Court

        **FINDS** and **CONCLUDES** that:

        Pursuant to Fed. R. Civ. P. 72, a party may object to any portion of a Magistrate Judge's

recommendation by filing specific objections within 10 days of the party's receipt of the

recommendation.  When no objections are filed, a district court may apply whatever standard of

review it deems appropriate.  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Here, no party has filed any objections to the Recommendation, which was issued and served by

mail upon the Plaintiff on May 5, 2008.  Thus, the Court reviews it for clear error.

        The Magistrate Judge recommends dismissal of the Plaintiff's claims under

D.C.COLO.LCivR 41.1 because: (1) the Plaintiff did not appear at the April 15, 2008 hearing set on the Defendants' motions to compel discovery **(#62)**; (2) since March 1, 2008, the Plaintiff has not responded to "matters sent by United States mail, e-mail, and to telephone calls" (*see also* **#63**); (3) the Plaintiff failed to respond to an Order to Show Cause **(#63)** why his claims should not be dismissed; and (4) the Plaintiff failed to respond to a minute order **(#65)** requiring him to respond to one of the motions to compel discovery by April 30, 2008.

Rule 41(b), Fed. R. Civ. P., allows the Court to dismiss a plaintiff's claims for failure to prosecute. *See Rogers v. Andrus Transp. Services,* 502 F.3d 1147, 1151 (10th Cir. 2007). This rule is complemented by D.C.COLO.LCivR 41.1, which states: "A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice."

Factors which the Court may consider in deciding whether to dismiss for failure to prosecute are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the Court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Rogers,* 502 F.3d at 1151-52.

All of these factors favor dismissal. The Plaintiff's failure to appear, respond and timely proceed in this matter has interfered with the judicial process and has prejudiced the Defendants because they have had to incur costs and expenses in order to obtain discovery and otherwise respond in this action. Despite subsequent orders and opportunities to prosecute his claims, the

most recent evidence of the Plaintiff's participation is at a settlement conference held February

29, 2008 **(#52)**.  The Plaintiff has neither responded to the Magistrate Judge's orders nor

requested an extension of time to do so.  Indeed, it appears that he no longer desires to proceed

in this matter.  Under these circumstances, dismissal without prejudice is warranted.

       **IT IS THEREFORE ORDERED** that the Recommendation of the Magistrate Judge is

adopted.  Plaintiff's claims are **DISMISSED**, without prejudice, for lack of prosecution.  The

Clerk of Court is directed to close this case.

       Dated this 22nd day of July, 2008

                           **BY THE COURT:**

                           _____

                           Marcia S. Krieger
                           United States District Judge